**In the United States District Court
for the District of Kansas**

———————

Case No. 24-cv-01081-TC-ADM

———————

FACTORY MUTUAL INSURANCE COMPANY,
A/S/O IRON STAR WINDO PROJECT, LLC,

*Plaintiff*

v.

FLENDER CORPORATION,
D/B/A WINERGY DRIVE SYSTEMS CORPORATION,

*Defendant*

———————

### MEMORANDUM AND ORDER

The insurer of a wind farm sued the manufacturer of wind turbine gearboxes for various manufacturing defect claims arising from damage to a wind turbine. Doc. 1-1 at 2–5. The alleged manufacturer, Flender Corporation, moves to dismiss for lack of personal jurisdiction. Doc. 7. For the following reasons, Flender's motion is denied.

**I**

**A**

**1.** Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. The plaintiff bears the burden to establish that personal jurisdiction exists. *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). In the preliminary stages of litigation, that burden is light. *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1314 (10th Cir. 2024) (citation omitted).

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of jurisdiction unless an evidentiary hearing has been held. *Eighteen Seventy*, 32 F.4th

1

at 964 (citation omitted); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The plaintiff can make that showing through uncontested allegations in the complaint or with affidavits or declarations that, if true, would support the exercise of jurisdiction over the defendant. *Eighteen Seventy*, 32 F.4th at 964. The allegations in a complaint are accepted as true if they are plausible, nonconclusory, and not controverted by affidavits. *See Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).

A defendant may, however, challenge the factual basis of the allegations supporting personal jurisdiction. Where a defendant has done so, the plaintiff must support its jurisdictional allegations with competent proof, such as affidavits or declarations. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020); *see also Fluent LLC*, 955 F.3d at 840. If that proof supports exercising personal jurisdiction over the defendant, the plaintiff may defeat the defendant's motion to dismiss. This means that a plaintiff may defeat a motion to dismiss by presenting evidence that, if true, would support jurisdiction over the defendant. *Fluent LLC*, 955 F.3d at 839. All factual disputes are resolved in favor of the plaintiff. *Dudnikov*, 514 F.3d at 1070.

In a diversity action like this one, a plaintiff is typically required to show that exercising jurisdiction is proper under the forum state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Eighteen Seventy*, 32 F.4th at 965; *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4). The party seeking to establish personal jurisdiction over an out-of-state litigant must make two showings: that the forum state's long-arm statute supports the exercise of personal jurisdiction and that exercising personal jurisdiction comports with the Fourteenth Amendment's due process requirements. *Emps. Mut. Cas. Co. v. Bartile Roofs Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010). Kansas's long-arm statute, K.S.A. § 60-308, is construed liberally so as to allow jurisdiction to the full extent permitted by due process principles. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). Consequently, there is no need to "conduct a statutory analysis apart from the due process analysis." *Emps. Mut. Cas. Co.*, 618 F.3d at 1159.

**2.** The constitutional due process analysis is two-fold. *Marcus Food Co.*, 671 F.3d at 1166. It first requires that the non-resident defendant have minimum contacts with the forum state. *See id.* Once minimum contacts have been established, it must also be shown that haling a foreign defendant into court to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Dudnikov*,

514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted); *accord Dental Dynamics, LLC*, 946 F.3d at 1229. In other words, "the contacts with the forum State must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Fluent LLC*, 955 F.3d at 839 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two ways a plaintiff may establish minimum contacts with a forum state: general and specific jurisdiction. *See AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008); *Fluent LLC*, 955 F.3d at 839–40; *see also Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023) (suggesting these two ways apply where a foreign defendant has not consented). A person is subject to general jurisdiction within a state if its contacts with the state are so "continuous and systematic" that the person can be said to be at home there. *Fluent LLC*, 955 F.3d at 840 (quoting *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)) (internal quotation marks omitted). For an individual, that typically means the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *accord Daimler AG*, 571 U.S. at 137. Where general personal jurisdiction exists, a federal court may exercise jurisdiction over the out-of-state party for all purposes. *Old Republic*, 877 F.3d at 903–04.

Specific jurisdiction, on the other hand, is proper if the out-of-state defendant purposefully directed its activities at residents in the forum state, and the plaintiff's alleged injuries arise out of or relate to those activities. *Fluent LLC*, 955 F.3d at 840 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The specific jurisdiction inquiry focuses on the relationship among the defendant, the forum, and the subject of the litigation; it attempts to discern whether the defendant purposefully directed its conduct towards the forum state. *See XMission, L.C.*, 105 F.4th at 1308–09. Unlike general jurisdiction, specific jurisdiction only authorizes judicial power over claims relating to the party's contacts with the forum state. *See Old Republic*, 877 F.3d at 904; *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). These rules "derive from and reflect two sets of values—treating defendants fairly and protecting 'interstate federalism.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 360 (2021) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 293). A defendant can be subject to personal jurisdiction when it has fair warning that its conduct may subject

it to jurisdiction in another state, *Ford Motor Co.*, 592 U.S. at 359 (quoting *Burger King Corp.*, 471 U.S. at 472), while states with little legitimate interest in a particular suit may not encroach on sovereigns more affected by the controversy. *Ford Motor Co.*, 592 U.S. at 360 (citing *Bristol-Myers Squibb Co.*, 582 U.S. at 263) (footnote omitted).

Even if the plaintiff establishes minimum contacts, exercising personal jurisdiction over a defendant still must comport with traditional notions of fair play and substantial justice. *Dental Dynamics, LLC*, 946 F.3d at 1229. That typically requires a defendant to demonstrate that other considerations render the exercise of jurisdiction over that defendant unreasonable. *Shrader*, 633 F.3d at 1240. The Tenth Circuit has identified several factors relevant to the reasonableness inquiry, including the burden on the defendant, the forum state's interest in resolving the dispute, the plaintiff's interest in receiving convenient and effective relief, the interstate judicial system's interest in efficiently resolving controversies, and the shared interest of the several states in furthering fundamental social policies. *Fluent LLC*, 955 F.3d at 840.

## B

Iron Star Wind Project, LLC, engages in the business of wind energy in Kansas. Doc 1-1 at ¶ 2.[1] It owns and operates the Iron Star Wind Project in Dodge City, Kansas. *Id.* at ¶ 5. The Project is a wind turbine farm operating sixty-two wind turbine units. *Id.* at ¶ 6.

In January 2022, a bearing failure caused substantial damage to a gearbox on one of the Project's turbines. Doc. 1-1 at ¶ 7. An investigation concluded that the gearbox was damaged as a result of a bearing failure, which caused substantial damage, particularly in the high-speed stage. *Id.* at ¶ 8. The gearbox required a full replacement, which cost $1,096,099. *Id.* at ¶¶ 10, 11.

The parties dispute whether the Defendant, Flender, manufactured the subject gearbox and failed bearings. Doc. 1-1 at ¶ 9; Doc. 8 at 2 (discussing proffered affidavit that it did not "design, manufacture, or contract to distribute the windmill gearbox"). Flender is a Delaware corporation with its principal place of business in Illinois. Doc. 1-1 at ¶ 3. It allegedly manufactures gearboxes and couplings for the drive trains of wind turbines. *Id.* Flender is registered to do business in

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF.

4

Kansas. *Id.* Its registration states, in relevant part, that it consents, without power of revocation, to actions commenced against it in the proper court of any county in Kansas where there is a proper venue by service of process on the Kansas Secretary of State. Doc. 20-2 at 1. And it agreed that such service would be valid and binding as if its own officer had been served. *See Foreign Application*, Scott Schwab Kansas Secretary of State (Nov. 29, 2017, 4:34 PM), sos.ks.gov/scannedWM/4956851.pdf.[2] That consent mirrors language in the Kansas business registration statute, which states, in relevant part, that businesses must provide "an irrevocable written consent of the foreign covered entity that actions may be commenced against it in the proper court of any county where there is proper venue by the service of process on the secretary of state as provided for in K.S.A. 60-304 . . . ." Kan. Stat. Ann. § 17-7931(g).

Plaintiff Factory Mutual provides insurance to Iron Star. Doc. 1-1 at ¶ 1. It is a Rhode Island corporation with its principal place of business therein. *Id.*; *see also* Doc. 11 at ¶¶ 4, 5. Factory Mutual insures the Project. Doc. 1-1 at ¶ 6. Factory Mutual is, for the purposes of this lawsuit, subrogee of Iron Star. *Id.* at 1.

As a result of the aforementioned damage to one of Iron Star's wind turbine units, Factory Mutual initiated a four-count suit against Flender in Ford County, Kansas. Doc. 1-1. Flender was served via its registered agent. Doc. 1-2. Flender removed the case to the District of Kansas. Doc. 1.

After removing to federal court, Flender moved to dismiss, asserting that Kansas' courts cannot exercise general or specific personal jurisdiction over it. Doc. 8 at 2–3 (citing Fed. R. Civ. P. 12(b)(2)). Among other arguments, Factory Mutual asserts that Flender consented to general personal jurisdiction when it registered to do business in Kansas, Doc. 19 at 13, and that jurisdiction is proper over Flender because jurisdiction is proper over Flender's parent company, Flender GmbH. *Id.* at 10–14.

**II**

---

[2] Federal courts may take judicial notice of publicly filed documents with governmental entities at the Rule 12 stage without converting the motion to one for summary judgment. *See Wyo-Ben Inc. v. Haaland*, 63 F.4th 857, 867 n.10 (10th Cir. 2023).

Flender asserts that personal jurisdiction does not exist over it in this case. But it consented to personal jurisdiction when it registered to do business in the state. As a result, Flender's motion is denied.

### A

Flender argues that it cannot be haled into a Kansas court because it is a Delaware corporation with its principal place of business in Illinois. Doc. 8 at 3–5. But Flender's registration to do business in Kansas means it irrevocably consented to personal jurisdiction in the state given how the Kansas Supreme Court interprets its business registration statute, as well as recent Supreme Court guidance. *See Merriman v. Crompton Corp.*, 146 P.3d 162, 171 (Kan. 2006); *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134–36 (2023).

**1.** General personal jurisdiction over a corporation is typically found where it may be fairly regarded as at home. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014) (explaining that only in the "exceptional case" would operations in a forum other than the place of incorporation or principal place of business be so substantial as to render general personal jurisdiction proper over an out-of-state defendant). But general personal jurisdiction may also exist where a corporation agrees to accept service of process as a condition of doing business in a state. *Mallory*, 600 U.S. at 133 (plurality opinion) (quoting *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93, 95 (1917)).

That principle was established in *Pennsylvania Fire*. In *Pennsylvania Fire*, an Arizona mining company sued a Pennsylvania insurance company in Missouri based on claims arising from events in Colorado. *Pennsylvania Fire*, 243 U.S. at 94. The Pennsylvania insurance company had previously executed a power of attorney consenting to service of process on the state insurance superintendent in exchange for a license. *Id.* at 95. Missouri precedent established that such consent subjected a defendant to general jurisdiction in Missouri on any claim, even those arising from transactions that did not occur in Missouri. *Id.* The Supreme Court held that Missouri's construction of its statute was constitutionally valid, "even if it took the defendant by surprise." *Pennsylvania Fire*, 243 U.S. at 95; *accord Louisville & Nashville R. Co. v. Chatters*, 279 U.S. 320, 325–26 (1929); *Robert Mitchell Furniture Co. v. Selden Breck Constr. Co.*, 257 U.S. 213, 215–16 (1921); *see Mallory*, 600 U.S. at 151–52 (Alito, J., concurring in part and concurring in the judgment).

Within the last two decades, the validity of *Pennsylvania Fire's* approval of consent statutes had been questioned in the wake of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny. Indeed, *Goodyear* and *Daimler* fed that uncertainty, leading many courts and commentators to doubt whether a corporation could be constitutionally subject to general personal jurisdiction beyond its place of incorporation or principal place of business. *See, e.g.*, *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 637–39 (2d Cir. 2016) (expressing that *Pennsylvania Fire* "has yielded to the doctrinal refinement reflected in *Goodyear* and *Daimler* and the Court's 21st century approach to general and specific jurisdiction"); *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 136 (4th Cir. 2020) ("[W]e find it difficult to reconcile the *Pennsylvania Fire* approach with the modern view of general jurisdiction expressed in the Supreme Court's recent cases."); *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 145 (Del. 2016) (stating that most federal courts no longer find consent by registration to be a valid basis for general jurisdiction after *Daimler*); *see also* Tanya J. Monestier, *Registration Statutes, General Jurisdiction, and the Fallacy of Consent*, 36 CARDOZO L. REV. 1343, 1347 (2015) (articulating that most commentators agree that jurisdiction based on registration to do business violates the due process clause); Chris Carey, *Explicit Consent-by-Registration: Plaintiffs' New Hope After the "At Home" Trilogy*, 67 KAN. L. REV. 195, 210 (2018) (explaining that the vast majority of courts after *Daimler* hold that consent-by-registration offends due process and may no longer provide an independent basis for establishing personal jurisdiction).

But the Supreme Court recently stamped out that percolating uncertainty. In *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023), the Court considered whether a Pennsylvania statute stating that out-of-state corporations consent to general personal jurisdiction by registering to do business in the state comported with the Fourteenth Amendment's Due Process Clause. *See id.* at 134–36. Relying on *Pennsylvania Fire*, *Mallory* held that exercising personal jurisdiction over defendant Norfolk Southern was proper. *Id.* at 134. It explained that the defendant, Norfolk Southern, consented to jurisdiction in Pennsylvania when it registered to do business in the state pursuant to the state's laws. *Id.* at 135. That is, because "*Pennsylvania Fire* held that suits premised on these grounds do not deny a defendant due process of law," jurisdiction over Norfolk Southern was consistent with due process. *Id.*

**2.** *Mallory* and its application of *Pennsylvania Fire* control this case. Flender registered to do business in Kansas, precluding its personal

jurisdiction argument. Section 17-7931 provides that, "[b]efore doing business in the state of Kansas, a foreign covered entity shall register with the secretary of state." Kan. Stat. Ann. § 17-7931. Part of that registration requires "an irrevocable written consent of the foreign covered entity that actions may be commenced against it in the proper court of any county where there is proper venue by the service of process on the secretary of state as provided for in K.S.A. 60-304 . . . ." Kan. Stat. Ann. § 17-7931(g).

The Kansas Supreme Court interpreted the substantively indistinguishable predecessor statute, Section 17-7301(b)(7), to mean that "a foreign corporation applying for authority to do business in Kansas . . . expressly consents to personal jurisdiction . . . ." *Merriman*, 146 P.3d at 171. It held that "Kansas does not merely *infer* consent to jurisdiction from a foreign corporation's registration to do business and appointment of a resident agent; Kansas requires *express* written consent to jurisdiction." *Id.* at 177 (emphasis in original). More recently, the Kansas Court of Appeals reiterated this holding: "When a corporation applies to do business in Kansas, it consents to personal jurisdiction." *Kearns v. N.Y. Cmty. Bank*, No. 115,470, 2017 WL 1148418, at *5 (Kan. Ct. App. Mar. 24, 2017) (alteration and citation omitted). And while the Kansas Supreme Court has not directly returned to the issue, it has reaffirmed that a party can consent to personal jurisdiction. *In re Marriage of Williams*, 417 P.3d 1033, 1038–39 (Kan. 2018) (citing *Merriman*, 146 P.3d at 162).

As noted, Flender registered to do business in Kansas. Doc. 1-1 at ¶ 3. And as part of that registration, it expressly consented to the exercise of personal jurisdiction over it. That is sufficient for the exercise of personal jurisdiction. *Merriman*, 146 P.3d at 171; *see Mallory*, 600 U.S. at 134–36; *see also Robert Mitchell Furniture Co.*, 257 U.S. at 215–216 ("[W]hen a foreign corporation appoints [an agent] as required by statute it takes the risk of the construction that will be put upon the statute . . . by the State Court.") (citation omitted). This conclusion is consistent with other cases in the District of Kansas. *See, e.g.*, *Skyline Trucking Inc. v. Freightliner Truck Centercompanies*, 684 F. Supp. 3d 1128, 1138 (D. Kan. 2023); *Butler v. Daimler Trucks N. Am., LLC*, 433 F. Supp. 3d 1216, 1237 (D. Kan. 2020) (noting that binding circuit precedent requires adherence to Kansas law, including *Merriman*, and joining three other District of Kansas judges reaching the same conclusion).

**3.** Flender's sole counterargument, raised for the first time in its reply brief, is based on how it was served. Specifically, it claims the

express consent statute does not apply because service of process was made upon its registered agent in Kansas and not the Kansas Secretary of State. Doc. 21 at 2; *see also* Kan. Stat. Ann. § 60-304(e)(1) (authorizing service on foreign corporations by serving the registered agent). Flender's argument is foreclosed for at least two reasons.

First, it has waived the issue. A moving party cannot make new arguments in a reply brief. *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) (explaining that to consider an argument raised for the first time in a reply brief "would be manifestly unfair" to the opposing party who "has no opportunity for a written response"); *see also Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016). That, however, is exactly what Flender seeks to do—raise an argument it could have and should have made in its opening brief. Flender noted in its motion that it has a registered agent in Kansas, Doc. 8 at 4, but it failed to argue that service on that agent is insufficient under Section 17-7931.

Second, the argument is foreclosed by Kansas law. As noted, the Kansas Supreme Court has held that Section 17-7931 confers express consent to jurisdiction. *Merriman*, 146 P.3d at 177. Flender invokes another District of Kansas decision, *Stacker v. Intellisource, LLC*, No. 20-2581, 2021 WL 2646444 (D. Kan. June 28, 2021), to support its contrary position.[3] That decision, of course, is not binding. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). In addition, *Stacker*'s concerns appeared to be motivated by the aforementioned uncertainty surrounding the viability of the *Pennsylvania Fire* rule that has since been reaffirmed by *Mallory*. Compare *Stacker*, 2021 WL 2646444, at *5–6 (noting that the uncertainty concerning the *Pennsylvania Fire* logic applied in *Merriman*), *with Mallory*, 600 U.S. at 134–39 (rejecting the argument that *International Shoe* or its progeny undermined the rule in *Pennsylvania Fire* and holding that a state's consent statute permitted the exercise of jurisdiction over a foreign corporation). As a result, the Kansas Supreme

---

[3] Other districts courts in other states have suggested that *Mallory* does not permit jurisdiction because those states' laws do not compel consent. *See*, *e.g.*, *Bustos v. Ryder Truck Rental, Inc.*, No. 23-00679, 2024 WL 2260786, at *6–8 (D.N.M. May 17, 2024) (distinguishing *Mallory* on state law grounds where the New Mexico Supreme Court said that its Business Corporation Act did not compel consent to general personal jurisdiction); *Madsen v. Sidwell Air Freight*, No. 23-0008, 2024 WL 1160204, at *5–9 (D. Utah Mar. 18, 2024) (canvassing how differing state laws apply).

Court's construction of this Kansas statute controls. *Merriman*, 146 P.3d at 177 (holding that "a foreign corporation's registration to do business," combined with the "appointment of a resident agent," serves as express consent to jurisdiction under Kansas law); *see also Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 713 (10th Cir. 2014) (federal courts sitting in diversity must apply the substantive law of the forum state).

## B

Flender consented to jurisdiction in Kansas, and nothing suggests that exercising personal jurisdiction over it would offend traditional notions of fair play and substantial justice, either. Indeed, Flender makes no argument on this point. *See* Doc. 8. As a result, there is no reason to explore these concerns *sua sponte*. *See XMission L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1314 n.16 (10th Cir. 2024) (declining to consider whether other considerations would render jurisdiction unreasonable where personal jurisdiction existed over the defendant and it failed to argue otherwise).

## III

For the foregoing reasons, Flender's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. 7, is DENIED.

It is so ordered.

Date: June 30, 2025               s/ Toby Crouse
                                  Toby Crouse
                                  United States District Judge